IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOFTON AMIER GRAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-18-1139-SLP |
| | ) |
| R.C. SMITH, as warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Petitioner Lofton Amier Gray, a state prisoner appearing pro se, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 5] ("R. & R.") issued by U.S. Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review[1] Judge Mitchell recommends the § 2254 Petition be dismissed as untimely. Judge Mitchell finds the claims in the Petition are subject to the limitation period in 28 U.S.C. § 2244(d)(1), and that Petitioner has not satisfied all requirements for the prison mailbox rule to save Petitioner's filing from being made outside the applicable one-year limitation period. *See* R. & R., Doc. No. 5.

Petitioner timely filed an Objection [Doc. No. 8] to the R. & R. The Court reviews de novo any portion of the R. & R. to which Petitioner has made specific objection. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court (authorizing dismissal of a § 2254 petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court").

In the Objection [Doc. No. 8], Petitioner does not take issue with Judge Mitchell's determination that the limitation period in § 2244(d)(1) applies, but he claims that subsection (B) is at issue because a prison-wide lockdown in effect on the date that his one-year limitation period expired resulted in an "impediment to filing an application [which was] created by State action in violation of the Constitution or laws of the United States" and "prevented [him] from filing." 28 U.S.C. § 2244(d)(1)(B).

Prison lockdowns sometimes can qualify as impediments to filing under § 2254(d)(1)(B), but only when a petitioner shows the lockdown "was not related to legitimate penological interests." *Pfeil v. Everett*, 9 F. App'x 973, 978 (10th Cir. 2001); *cf. id.* ("[T]he Supreme Court has recognized lockdowns routinely cause delays in receiving legal materials, but also ruled that so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury" (quotation marks and citation omitted)). Here, Petition has not made such an allegation; rather, Petitioner alleges that the lockdown was a result of "an instance of violence on an inmate." Request to Staff 2, Doc. No. 8-1. Limiting violence between inmates generally is a legitimate penological interest, and Petitioner provides no indication otherwise in this case. Accordingly, § 2244(d)(1)(B) does not save Petitioner's Petition from the otherwise-applicable limitation bar. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (lockdown not an "unconstitutional impediment" so long as it was related to "legitimate penological interests," and thus did not trigger application of § 2244(d)(1)(B)); *Butts v. McCollum*, No. 13-CV-134-CVE-TLW, 2014 WL 222110, at *3 (N.D. Okla. Jan. 21, 2014) (no indication

of a lack of legitimate penological interest when lockdown was the result of gang activity); *Dill v. Workman*, No. 07-CV-209-TCK-FHM, 2008 WL 410082, at *3 (N.D. Okla. Feb. 12, 2008) (lockdown caused by racial disturbance not a basis for equitable tolling or an extension of § 2244(d)(1)'s limitation period).

Upon de novo review, the Court fully concurs with the analysis set forth in the R. & R. Accordingly, Petitioner's § 2254 Petition will be dismissed upon preliminary review.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 5] is ADOPTED in its entirety. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] is DISMISSED.

A separate judgment of dismissal will be entered contemporaneously to this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a Certificate of Appealability is DENIED. When a habeas petition is denied on procedural grounds, a petitioner is entitled to a COA only if he demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Jimenez v. Quarterman*, 555 U.S. 113, 118 & n.3 (2009) (treating decision dismissing habeas petition as time-barred as a procedural ruling for purposes of the COA standard). Where a habeas petition is denied on the merits, Petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his[] constitutional claims or that

of a lack of legitimate penological interest when lockdown was the result of gang activity); *Dill v. Workman*, No. 07-CV-209-TCK-FHM, 2008 WL 410082, at *3 (N.D. Okla. Feb. 12, 2008) (lockdown caused by racial disturbance not a basis for equitable tolling or an extension of § 2244(d)(1)'s limitation period).

Upon de novo review, the Court fully concurs with the analysis set forth in the R. & R. Accordingly, Petitioner's § 2254 Petition will be dismissed upon preliminary review.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 5] is ADOPTED in its entirety. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] is DISMISSED.

A separate judgment of dismissal will be entered contemporaneously to this Order.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a Certificate of Appealability is DENIED. When a habeas petition is denied on procedural grounds, a petitioner is entitled to a COA only if he demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Jimenez v. Quarterman*, 555 U.S. 113, 118 & n.3 (2009) (treating decision dismissing habeas petition as time-barred as a procedural ruling for purposes of the COA standard). Where a habeas petition is denied on the merits, Petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his[] constitutional claims or that

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has not made either showing. Therefore, a COA is denied. This denial shall be included in the judgment.

IT IS SO ORDERED this 29th day of May, 2010.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE